21201. McMAHON, Administratrix v. FOLDS *et al.*

Submitted March 14, 1961—Decided April 6, 1961.

*A. B. Parker*, for plaintiff in error.

*O. W. Roberts, Jr.*, contra.

Grice, Justice. Mildred Folds McMahon, as administratrix of the estate of W. L. Folds, filed a petition in the Superior Court of Carroll County, Georgia, alleging that there are important, difficult and doubtful questions respecting the estate, and that she is in doubt as to her rights, duties and other legal relations. She alleged that she does not understand the true meaning and legal effect of a deed from W. L. Folds to his wife, a copy of which was attached to the petition. Claiming that the instrument is ambiguous as to whether it creates a remainder, Mrs. McMahon raised three specific questions, the answers to which affect her duties and the rights of Velma Folds, Kytle Folds, Mrs. Inez Folds, and the First National Bank of Atlanta, as executor of Eric Vernon Folds. The petition prayed for process, service, requirement that the defendants answer, declaratory judgment

as to plaintiff's rights and duties and as to the three questions referred to above, and also "for such other and further equitable relief as to the court may seem just, necessary and proper in the premises."

Each of the defendants, except the guardian of Velma Folds, filed responsive pleadings. Upon the issues formed by these pleadings the court entered a judgment and decree, declaring the rights and duties of the parties. As to that judgment, the provisions of which need not be set forth here, Mrs. McMahon assigned error. A motion to dismiss, upon the ground that the bill of exceptions does not contain a proper assignment of error, was filed.

We do not reach either the motion to dismiss or the merits of the case because we have, upon our own inquiry, concluded that this court lacks jurisdiction of the writ of error here involved. Only two considerations from the standpoint of jurisdiction need be discussed.

This is not an "equity case" of which this court has jurisdiction under the Constitution of this State, *Code* § 2-3704. As held in such cases as *Bond v. Ray*, 207 Ga. 559 (63 S. E. 2d 399), "relief provided for under the provisions of our declaratory judgment act (Ga. L. 1945, p. 137), is not equitable per se; and in suits instituted under the act, where there is an absence, as here, of appropriate pleadings and prayers for specific equitable relief, in addition to those for the statutory relief provided for thereby, the case does not fall within the jurisdiction of this court as being one in equity." In the case at bar the only reference whatever to equity is the general prayer "for such other and further equitable relief. . ."

Neither is this a case "respecting title to land," of which this court has jurisdiction. *Code* § 2-3704. As to this basis for jurisdiction, *Bond v. Ray*, supra, held: " 'Cases respecting title to land,' as that term is used in the Constitution for the purpose of defining the jurisdiction of this court, refer to and mean actions at law, such as ejectment and statutory substitutes, in which the plaintiff asserts a presently enforceable legal title against the possession of the defendant for the purpose of recovering the land . . . [citations]. Obviously, since, the petition in

this case shows that the plaintiff is now, and has been since October 9, 1939, in actual possession of the land described in the deed here involved, the present action is not one at law for the recovery of land, either in ejectment or any of its substitutes." Here, as in that case, there is no action at law for the purpose of recovering land.

The *Ray* case, supra, treats these two principles of jurisdiction with abundant authority therefor. There are other holdings applying these two principles; among them is *Kidd v. Mayor &c. of Milledgeville*, 213 Ga. 524 (100 S. E. 2d 178).

Since the allegations in the instant case could not conceivably fall within any other of this court's jurisdictional grounds as established by the Constitution, *Code* § 2-3704, there is no reason to discuss them specifically.

The case before us, not being one of which this court has jurisdiction, is, under art. 6, sec. 2, par. 8 of the Constitution of this State (*Code* § 2-3708), within the jurisdiction of the Court of Appeals, and therefore is

*Transferred to the Court of Appeals.  All the Justices concur.*